**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-1051**

─────────

ALVERA E. LEWIS,

              Plaintiff - Appellant,

        v.

UNIVERSITY OF MARYLAND, BALTIMORE,

              Defendant - Appellee.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Stephanie A. Gallagher, Magistrate
Judge.  (1:12-cv-00298-SAG)

─────────

Submitted:  June 6, 2013              Decided:  July 18, 2013

─────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

John B. Stolarz, THE STOLARZ LAW FIRM, Baltimore, Maryland, for
Appellant.   Douglas F. Gansler, Attorney General of Maryland,
Katherine D. Bainbridge, Assistant Attorney General, OFFICE OF
THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for
Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Alvera Lewis sued her former employer, the University of Maryland, Baltimore ("the University"), alleging disability, race, and gender discrimination in violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601 et seq., and four provisions of the Maryland Fair Employment Practices Act ("the FEPA"), Md. Code Ann., State Gov't § 20-601 et. seq. After dismissing Lewis's federal claims as barred by Maryland's sovereign immunity under the Eleventh Amendment, the district court denied Lewis's motion to remand the case to state court, granted summary judgment in favor of the University on Lewis's state claims, and denied Lewis's cross-motion for summary judgment on her claim that the University failed to accommodate her disability in violation of the FEPA. Lewis now appeals, and we affirm.[*]

Lewis underwent knee surgery in May 2010. When surgical complications necessitated a multi-week rehabilitation, she requested and received leave under the FMLA. The University informed Lewis in June 2010, by certified letter, that her FMLA

---

[*] On appeal, Lewis does not challenge the district court's grant of summary judgment on her state race and gender discrimination claims, nor does she contest the district court's conclusion that Maryland's sovereign immunity precludes her ADA and FMLA claims.

2

leave would expire on July 8, 2010. Lewis did not request additional leave or inform the University that she was able to return to work. When Lewis did not return to work on July 9, 2010, the University terminated her for job abandonment. Lewis then initiated this action against the University.

After its grant of summary judgment in favor of the University on Lewis's federal claims under the ADA and the FMLA, the district court determined that the balance of factors weighed in favor of exercising supplemental jurisdiction over Lewis's state claims. In particular, the district court found that because Maryland patterned its reasonable accommodation requirement on federal Department of Health and Human Services regulations implementing the Rehabilitation Act, 29 U.S.C. § 794, and because the dispositive issues had been fully briefed, "considerations of convenience and judicial economy weigh strongly in favor of an exercise of supplemental jurisdiction." Lewis v. Univ. of Md., Balt., 1:12-cv-00298-SAG, 2012 WL 5193820, at *3 (D. Md. Oct. 18, 2012).

Addressing Lewis's state law claims that the University failed to accommodate her disability and discriminated against her on the basis of disability, the district court reasoned that Lewis was not a "qualified individual with a disability," and therefore could not recover on either her accommodation or discrimination claim. Id. at *4. A "qualified individual" is

3

one who "[w]ith or without reasonable accommodation can perform the essential functions of the job in question." Md. Code Regs. 14.03.02.02(B)(10). Because attendance at work is an essential function of Lewis's job and evidence, including Lewis's own testimony, indicated that she had not been approved to return to work on July 8, 2010, the district court concluded that Lewis was not a "qualified individual" at the time of her termination.

On appeal, Lewis contests the district court's decision to retain supplemental jurisdiction over her state discrimination claims, as well as its conclusion that she was not a "qualified individual with a disability", particularly in light of the passage of the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, 3559, which has been incorporated into Maryland law, see Meade v. Shangri-La P'ship, 36 A.3d 483, 489–90 (Md. 2012).

After thorough review of the record, the briefs of the parties, and the controlling law, we affirm on the basis of the careful opinion of the district court. Considering the district court's "wide" discretion over whether or not to retain jurisdiction over state claims, we find no abuse of discretion in the district court's decision here. Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). We agree with that court's judgment that we need not reach the question of whether Lewis had a disability under the FEPA. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED